

**ORDERED in the Southern District of Florida on June 19, 2013.**

Erik P. Kimball, Judge
United States Bankruptcy Court
_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:                                                            Case No. 12-34019-EPK

WILLIAM R. KAZAKAVAGE, SR.,                     Chapter 7
and LAURA K. KAZAKAVAGE,

    Debtors.
_____/

### ORDER TO SHOW CAUSE WHY ATTORNEY HERBERT W. BIGGS SHOULD NOT BE SUSPENDED FROM PRACTICE BEFORE THIS COURT, ORDERED TO DISGORGE FEES, AND ORDERED TO PAY FURTHER SANCTIONS

THIS MATTER came before the Court *sua* sponte.

On October 5, 2012, the above-captioned debtors (the "Debtors") filed a voluntary petition (the "Petition") for relief under chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*. Both Debtors signed the Petition and did not indicate that they were represented by an attorney.

On November 9, 2012, the Debtors filed their *Motion to Convert a Case Under Chapter 7 to a Case Under Chapter 13* [ECF No. 22] (the "Motion to Convert"). The Motion

to Convert is signed by both Debtors and, next to the word "Attorney", Herbert W. Biggs ("Mr. Biggs"). At the December 13, 2012 hearing on the Motion to Convert, Mr. Biggs appeared on behalf of the Debtors. The Court subsequently entered an order granting the Motion to Convert. ECF No. 29.

On January 9, 2013 this Court entered its *Order to Show Cause Why Attorney Herbert W. Biggs Should Not Be Sanctioned* [ECF No. 34], which directed Mr. Biggs to show cause why he should not be sanctioned for his failure to comply with Local Rule 9011-4.

The Court later entered its *Order Discharging Order to Show Cause.* ECF No. 41. In the *Order Discharging Order to Show Cause*, the Court determined that Herbert W. Biggs, Esq. was deemed to appear on behalf of the above-captioned Debtors in the above-captioned case.

On March 30, 2013, the Debtors filed their *Motion to Reopen and Reinstatement of Chapter 13 Bankruptcy* [ECF No. 46] (the "Motion to Reinstate"). The Motion to Reinstate is signed only by the Debtors but was filed electronically by Mr. Biggs. Mr. Biggs also calendared the Motion to Reinstate for hearing on July 15, 2013.

This Court's Local Rule 9011-4(A)(1) states: "In the signature block on all court papers signed electronically or conventionally, the attorney must be identified by name, state bar number, complete mailing address, telephone number and the name of the party who the attorney represents." Local Rule 9011-4(B)(1) states, in pertinent part:

> Papers filed by an attorney appearing as a qualified attorney pursuant to Local Rule 2090-1(A), must contain this certification: "I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A)".

The Motion to Reinstate filed by Mr. Biggs on behalf of the Debtors does not comply with Local Rules 9011-4(A)(1) and (B)(1). Although filed electronically by Mr. Biggs, it fails to

include the identification of attorney information or certification required by Local Rule 9011-4.

For the foregoing reason, and being otherwise fully advised in the premises, it is **ORDERED** that, pursuant to Local Rule 2090-2, Herbert W. Biggs shall appear before this Court on July 11, 2013 at 10:30 a.m. at the United States Bankruptcy Court, Courtroom B, 8th Floor, 1515 North Flagler Drive, West Palm Beach, Florida 33401 to show cause why this Court should not order that he be suspended from practice before this Court for a period to be determined by this Court, that he disgorge all fees received from the Debtors, and that he pay further monetary sanctions.

###

Copy furnished by the Clerk of Court to:

Herbert W. Biggs
POB 2102
Jupiter, FL 33468

Herbert W. Biggs
521 Northlake Blvd Suite 5
North Palm Beach, FL 33408

and

All parties of record.