IN RE: DEAN C. FRIVALDO, Chapter 7, Debtor.
WILLIAM T. NEARY, Plaintiff,
v.
BEST CASE MANAGEMENT, LLC and JOSEPH T. SCHIAVONE, JR., Defendants.

Case No. 11-43205, Adv. No. 12-4018.

United States Bankruptcy Court, E.D. Texas, Sherman Division.

November 15, 2012.

# MEMORANDUM OPINION REGARDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

BRENDA T. RHOADES, Sr., Chief Bankruptcy Judge.

William T. Neary, the U.S. Trustee for Region 6 (the "U.S. Trustee"), initiated this adversary proceeding against Best Case Management, LLC and Joseph T. Schiavone, Jr. (collectively, the "Defendants"), seeking turnover of their fee for the preparation of the bankruptcy petition and schedules in the underlying bankruptcy case as well as an injunction against the Defendants. In particular, the U.S. Trustee seeks to recover the fee the Defendants charged to the Debtor in the principal amount of $3,000 based on its undisclosed and excessive nature pursuant to 11 U.S.C. § 110(h), as well as an injunction[1] against the Defendants based upon, among other statutory infractions, inadequate disclosures and the unauthorized practice of law pursuant to 11 U.S.C. § 110(j). Although the Defendants initially denied the allegations, they failed to timely respond to the U.S. Trustee's request for admissions. This proceeding is now before the Court on the U.S. Trustee's Motion for Summary Judgment.

## I. Deemed Admissions

In his adversary complaint, the U.S. Trustee alleges that Best Case Management, LLC ("Best Case") is a limited liability company with offices in Florida. The U.S. Trustee alleges that Joseph T. Shiavone ("Shiavone") is the managing member of Best Case and was the Debtor's primary contact in relation to his bankruptcy petition. The U.S. Trustee alleges that Shiavone, acting within the scope and authority given him by Best Case, engaged in the unauthorized practice of law by advising the Debtor on his exemptions and recommending that he file a petition under chapter 7. The U.S. Trustee alleges that the Debtor paid the Defendants $3,000 for their assistance.

The U.S. Trustee's complaint contains several counts. In count one, the U.S. Trustee requests that the Court impose a $500 fine for each of the Defendants' violations of §110 of the Bankruptcy Code and that the Court order the Defendants to disgorge the fee paid to them by the Debtor. In count two, the U.S. Trustee requests an accounting from the

Defendants of the fees they received in all cases filed in the Eastern District of Texas since January 1, 2010, in which the Defendants, individually or jointly, were petition preparers. In Count 3, the U.S. Trustee requests a permanent injunction prohibiting the Defendants, individually or jointly, from acting as bankruptcy petition preparers as well as an injunction prohibiting the Defendants from rendering legal advice.

The U.S. Trustee served a request for admissions upon the Defendants on June 27, 2012. On August 28, 2012, at the U.S. Trustee's request, the Court issued an Order Deeming Admissions in accordance with Rule 36(a) of the Federal Rules of Civil Procedure.[2] These admissions (the "Deemed Admissions") include the following:

• The Defendants were the Debtor's primary contacts in relation to his petition and led him to believe that they had sufficient legal experience to assist with his bankruptcy matters.

• The Defendants, individually and jointly, acted as "bankruptcy petition preparers" and prepared "documents for filing" as defined by 11 U.S.C. § 110(a)(1).

• The Defendants failed to file a declaration under penalty of perjury disclosing the fee received from or on behalf of the Debtor, as required by 11 U.S.C. § 110(h)(2).

• In preparing the Debtor's Statement of Financial Affairs, the Defendants made or caused to be made incomplete and inaccurate disclosures.

• Within 12 months immediately prior to the filing of the Debtor's bankruptcy case, the Defendants charged and collected from the Debtor a total fee of $3,000.

• The fee is excessive in light of both the quantity and quality of services provided, and there is no evidence that the Defendants provided any meaningful debt consolidation.

• The Defendants made legal decisions for the Debtor, specifically recommending that the Debtor file for chapter 7 bankruptcy and assisting with his selection of exemptions.

## II. Analysis

## A. Summary Judgment Standards

The U.S. Trustee brings his Motion for Summary Judgment in this adversary proceeding pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, made applicable by Rule 7056 of the Federal Rules of Bankruptcy Procedure. Rule 56(c) provides that summary judgment should be rendered "if the pleadings, depositions, answers to interrogatories, and *admissions on file,* together with the affidavits, if any, show that there are no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Cartrett,* 477 U.S. 317, 322 (1986) (quoting FED. R. CIV. P. 56(c)) (emphasis added).

The party seeking summary judgment always bears the initial responsibility of informing the Court of the basis for its motion, identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrates the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 323. The manner in which this showing can be made depends upon which party will bear

the burden of persuasion at trial. If, as in this case, the burden of persuasion at trial is on the moving party, "that party must support its motion with credible evidence—using any of the materials specified in Rule 56(c)—that would entitle it to a directed verdict if not controverted at trial." *Celotex,* 477 U.S. at 331; *Grogan v. Garner,* 498 U.S. 279, 286 (1991).

To determine whether summary judgment is appropriate, the Court reviews the record in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). The Court resolves factual controversies in favor of the nonmoving party, *see id.,* but only when there is an actual controversy—that is, when both parties have submitted evidence of contradictory facts. See *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994). The Defendants in this case have not submitted any argument or evidence in opposition to the U.S. Trustee's Motion. Nevertheless, the U.S. Trustee has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the Court may not grant his motion for summary judgment, regardless of whether the motion is unopposed. See *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima,* 776 F.2d 1277, 1279 (5th Cir. 1985).

## A. Section 110 Requirements and Sanctions

Turning to the substance of the U.S. Trustee's Motion for Summary Judgment, this adversary proceeding arises from § 110 of the Bankruptcy Code. Congress added § 110 to the Code in 1994 to address perceived abuses of the bankruptcy laws by entities in the business of preparing bankruptcy petitions and related documents. See *In re Guttierez,* 248 B.R. 287, 292 (Bankr. W.D. Tex. 2000) (discussing legislative history). A "bankruptcy petition preparer" is "a person, other than an attorney for the debtor or an employee of such attorney under the direct supervision of such attorney, who prepares for compensation a document for filing" 11 U.S.C. § 110(a)(1). "`Document for filing' means a petition or any other document prepared for filing by a debtor in a United States bankruptcy court or a United States district court in connection with a case under [Title 11]." 11 U.S.C. § 110(a)(2).

Here, the Defendants admit they fall within the statutory definition of a "bankruptcy petition preparer." The Defendants admit the fee they charged the Debtor was excessive. The Defendants admit they failed to comply with the Code's requirements for bankruptcy petition preparers. In addition, among other things, the Defendants admit they failed to sign all the documents they prepared for the Debtor and to include their name, address and social security numbers on the documents, *see* 11 U.S.C. § 110(b)(1), (c)(1), and they admit they failed to file a declaration with this Court stating all compensation they received from the Debtor within 12 months of bankruptcy, *see* 11 U.S.C. § 110(h)(2). The purpose of these disclosures is to create a "paper trail" that identifies petition preparers. *See* 2 COLLIER ON BANKRUPTCY ¶ 101.01 (16th ed. 2012).

## B. 11 U.S.C. § 110(h)(3)(A): Turnover of Excessive Fee

In light of the Defendants' admissions, the U.S. Trustee seeks a summary judgment requiring turnover of the $3,000 fee paid by the Debtor to the Defendants. Section

110(h)(3)(A) of the Bankruptcy Code provides that "[t]he court shall disallow and order the immediate turnover to the bankruptcy trustee any fee...found to be in excess of the value of any services rendered by the bankruptcy petition preparer during the 12-month period immediately preceding the date of the filing of the petition." 11 U.S.C. § 110(h)(3)(A). Here, the Defendants admit they never at any point provided meaningful service to the Debtor and that the $3,000 fee is excessive in light of both the quantity and quality of services provided. Cf: *In re Paskel,* 201 B.R. 511, 518 (Bankr. E.D. Ark. 1996) ($200 fee excessive under § 110(h) where preparer's actions "accomplished little benefit, and, indeed, have harmed debtor"). The Court finds that the Defendants' Deemed Admissions leave no material factual dispute for trial as to the excessiveness of the fee. The Court, therefore, concludes that the U.S. Trustee has established that he is entitled to a summary judgment requiring the immediate turnover of the $3,000 fee to the U.S. Trustee.

## C. 11 U.S.C. § 110(j)(2)(A): Injunction

In addition to turnover, the U.S. Trustee seeks to permanently enjoin the Defendants from acting as bankruptcy petition preparers and rendering legal advice. Section 110(j) empowers this Court to enjoin petition preparers from engaging in conduct that is prohibited by § 110 or is otherwise "fraudulent, unfair, or deceptive." *See* 11 U.S.C. § 110(j)(2)(A). If the bankruptcy petition preparer continually engages in conduct prohibited by § 110, the bankruptcy court may permanently enjoin that person from acting as a petition preparer. *See* 11 U.S.C. § 110(j)(2)(B). Section 110(j) of the Bankruptcy Code provides, in part:

[I]f the court finds that a bankruptcy petition preparer has engaged in conduct in violation of this section or of any provision of this title; misrepresented the preparer's experience or education as a bankruptcy petition preparer; or engaged in any other fraudulent, unfair, or deceptive conduct; and injunctive relief is appropriate to prevent the recurrence of such conduct, the court *may enjoin the bankruptcy petition preparer from engaging in such conduct.*

If the court finds that a bankruptcy petition preparer has continually engaged in [such] conduct...and that an injunction prohibiting such conduct would not be sufficient to prevent such person's interference with the proper administration of this title, has not paid a penalty imposed under this section, or failed to disgorge all fees ordered by the court the court *may enjoin the person from acting as a bankruptcy petition preparer.*

11 U.S.C. § 110(j)(2)(A)-(B) (emphasis added).

In this case, the Defendants admit to violating, at a minimum, § 110(e) and (h). They admit they engaged in the unauthorized practice of law by providing the Debtor impermissible legal advice. Specifically, the Defendants admit they recommended that the Debtor file under chapter 7, a violation of § 110(e)(2)(B)(i); assisted the Debtor with his selection of exemptions, a violation of § 110(e)(2)(B)(vi); and caused incomplete and inaccurate disclosures of the Debtor's financial affairs, also a violation of § 110(e)(2)(B)(vi). Furthermore, the Defendants admit that, when preparing the Debtor's petition for filing, they failed to disclose the fee they received as required by § 110(h)(2).

In order to permanently enjoin the Defendants from acting as petition preparers, the Court must find that they "continually engaged" in conduct described in § 110(j)(2)(A), and "that an injunction prohibiting such conduct would not be sufficient to prevent [their] interference with the proper administration of" title 11. *In re Jay,* 446 B.R. 227, 255 (Bankr. E.D. Va. 2010) (quoting 11 U.S.C. § 110(j)(2)(B)). Having reviewed the U.S. Trustee's Motion for Summary Judgment and supporting affidavit, as well as the record in this proceeding, the Court concludes that the U.S. Trustee has failed to establish that he is entitled to the requested permanent injunction as a matter of law. The Deemed Admissions upon which the U.S. Trustee relies focus on the Defendants' conduct with respect to the Debtor, not on whether the Defendants continually engaged in the offending conduct. However, the Court finds and concludes that the U.S. Trustee has established grounds for a narrower injunction pursuant to § 110(j)(2)(A), prohibiting the Defendants from engaging in any practice that constitutes the practice of law, including (1) advising clients which chapter of bankruptcy they should elect; (2) describing the different chapters of bankruptcy to clients; (3) assisting clients in completing bankruptcy petitions and schedules, by categorizing debts or contracts and selecting exemptions; (4) defining bankruptcy terms for clients; and (5) correcting perceived errors or omissions on clients' bankruptcy petitions. *See, e.g., In re Chojecki,* 2000 WL 679000 at *11-12 (E.D. Pa. 2000) (affirming a similar, narrowly-tailored injunction).

## III. Conclusion

The Court concludes that the U.S. Trustee carried his burden of establishing the absence of a genuine issue of material fact with respect to his claim for disgorgement and turnover of the $3,000 fee under § 110. The Deemed Admissions establish that the Defendants charged an excessive fee while providing impermissible—and unsound—legal counsel. The Court further concludes that the U.S. Trustee has established, as a matter of law, grounds under § 110(j) for enjoining the Defendants from the unauthorized practice of law. The Court will enter a separate Order consistent with this Memorandum Opinion.

[1] In his Motion, the U.S. Trustee requests, in the event the Defendants fail to comply with an order to turnover the fee, the Court to impose fines of no more than $500 for each such failure pursuant to 10 U.S.C. § 110(h)(5).

[2] Federal Rule of Civil Procedure 36(a) states in pertinent part: "A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: facts, the application of law to fact, or opinions about either; and the genuineness of any described documents.... A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney...."